FILED

'14 NOV 13 AM 11: 12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| KATHLEEN WORNICKI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ACURIAN, INC., a Pennsylvania corporation,<br>*Defendant.* | Case No.<br><br>5:14-cv-634-OC-30 PRL<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |
|---|---|

Plaintiff Kathleen Wornicki ("Plaintiff" or "Wornicki"), by her undersigned attorney, for this class action Complaint against Defendant, Acurian, Inc. ("Defendant" or "Acurian"), alleges as follows:

## INTRODUCTION

1.  Plaintiff, individually and as Class representative for all similarly situated persons in the United States who have received artificial or prerecorded phone calls to their cell phones made by Defendant, or their marketing partners on behalf of Defendant, and who have received such telephone calls without giving their prior express consent bring this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2.  Unless otherwise noted, all facts are alleged upon Plaintiff's personal knowledge or upon the investigation of counsel.

## PARTIES

3.  Wornicki is a citizen of Florida, with her domicile in Webster, Florida.

4. Acurian is a Pennsylvania corporation with its principal office in Horsham, Pennsylvania.

## JURISDICTION AND VENUE

5. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

6. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendant because it conducts significant amounts of business transactions within this District, and because the wrongful conduct giving rise to this case occurred in, was districted to, and/or emanated from this District.

7. <u>Venue</u>. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, because Defendant conducts business in this District, and because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

10. FCC-promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

11. The FCC confirmed this principle in 2005, when it explained that "a company on whose behalf a telephone solicitation is made bears the responsibility for violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

## FACTUAL ALLEGATIONS

12. Defendant is in the business of recruiting people to participate in clinical trials to study medical treatments and medications. Defendant recruits clinical trial participants on behalf of commercial companies, including large pharmaceutical companies, providing and selling this service through a results-based pricing scheme.

13. In its zeal to recruit patients for its clients' clinical trials, Defendant recruits patients using telemarketing techniques and equipment, including artificial or prerecorded voice messages, to contact potential study participants who have never consented to receive such calls.

14. Defendant also engages "marketing partners" to conduct telemarketing activities on Defendant's behalf. One of those marketing partners is Diamond Media. Diamond Media uses artificial or prerecorded voice messages to call numerous individuals on behalf of Defendant to enlist them to participate in clinical trials of Defendant's clients.

15. According to a December 17, 2013 article published by the Wall Street Journal[1], "Acurian . . . has been the subject of more than 500 complaints to the FTC over the past two years, alleging violations of telemarketing laws." The Wall Street Journal also reported that Defendant engages in "data mining" to target potential recruits:

> "Acurian Inc., one of the largest recruitment companies, says innocuous personal details—a reference for jazz, owning a cat or participation in sweepstakes—helped it home in on patients for an arthritis study. We are now at a point where, based on your credit card history, and whether you drive an American automobile and several other lifestyle factors, we can get a very, very close bead on whether or not you have the disease state we're looking at."

16. These unscrupulous practices have led to significant backlash from consumers. For instance, a sample of a significant number of complaints appear on online complaint forums identifying Acurian, or calls made on behalf of Acurian, as the culprit:

- "Two calls from this number last week while we were on vacation. No messages, just hang-ups. I called them this morning and they are a company called Acurian that wants to enroll us in some kind of clinical trial for drugs. How in the world did they get our number? Nobody in our house takes medicines except for an occasional antibiotic or cough syrup. Ridiculous."[2]

- "Same story. An R/A clincial study by Acurian is being held in my area. I asked why they were calling me because no one here has R/A."[3]

- "These morons have called me repeatedly on my PREPAID cell phone costing me paid for minutes, yet when i try to call the number i just get a rapid busy signal. What irks me the most is this harassment is costing me money and frankly i want my minutes paid for that theve cost me."[4]

- "Harassed all day by 855-298-5382. Robot arthritis study 8 times today on answering machine. Hope no one who knows me wanted to call this last week because the arthritis study needs too all day and some evening."[5]

---

[1] See http://online.wsj.com/articles/SB10001424052702303722104579240140554518458
[2] See http://800notes.com/Phone.aspx/1-877-255-6443
[3] See http://800notes.com/Phone.aspx/1-866-874-4572
[4] See http://800notes.com/Phone.aspx/1-800-745-8385
[5] See http://800notes.com/Phone.aspx/1-855-298-5382

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

- "Have been receiving these recordings on home phone. Got them to stop and now hitting my cell phone. Both numbers are on the Do Not Call registry. We have had no contact and don't have the diseases they want for their trials."[6]

17. Wornicki received a call from Diamond Media, calling on behalf of Defendant Acurian on her cellular telephone on May 4, 2013 from (417) 800-2511. Wornicki missed this call but called it back that day. She learned from their recorded message that they were calling her to solicit her to participate in a medical study to which she hung up. Wornicki received another call on her cell phone on May 7, 2013 from (417) 800-2566. This time Wornicki answered the call and heard an automated prerecorded or artificial voice message soliciting her to participate in a medical research study related to arthritis and COPD, emphysema or chronic bronchitis. The call was unrelated to any emergency and was made without Plaintiff's prior express consent.

18. COPD is a common abbreviation for chronic obstructive pulmonary disease. Wornicki has never suffered from arthritis, COPD or emphysema. However, Wornicki's late husband, who died in 2009, did suffer from arthritis, COPD and emphysema.

19. The cellular telephone number at which Wornicki received the calls had been assigned to Wornicki's cellular telephone for more than 15 days and had not been ported to her cellular telephone from a land line.

20. Plaintiff is not a customer of Defendant, has never provided her cellular telephone number to Defendant for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the filing of the Complaint in this action.

21. Plaintiff is informed, believes, and as a result alleges, that the purpose of Defendant's calls was to enroll Plaintiff into clinical studies so that Defendant could receive

---

[6] *See* http://800notes.com/Phone.aspx/1-888-461-4728
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

monetary compensation for its efforts by the undisclosed entity that hired Defendant to place the solicitation calls.

22. The purpose and language of the prerecorded voice messages is geared toward acquiring new participants for Acurian.

23. All calls placed by Defendant to Plaintiff used an "automatic telephone dialing system" (ATDS) as defined by 47 U.S.C. § 227(a)(2).

24. This ATDS uses a random or sequential number generator to store or produce telephone numbers to be called.

25. This ATDS can also automatically, without human intervention, dial telephone numbers from a list or database of numbers.

26. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to her cellular telephone using an ATDS or an artificial or prerecorded voice.

## CLASS ACTION ALLEGATIONS

27. <u>Class Definition</u>: Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this case as a class action on behalf of a Class of persons defined as follows:

> All persons in the United States, at any time in the period that begins four years prior to the filing of this complaint through trial of this matter, (1) who received a non-emergency call on their cellular telephones (2) initiated through the use of an artificial or prerecorded voice from Defendant or on behalf of Defendant, (3) for which the caller had no record of prior express consent to make such call to the telephone number that received it.

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family.

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

28. <u>Numerosity</u>. The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

29. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A);

    b. Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A), thus entitling Plaintiffs and the Class to treble damages;

    c. Whether Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

30. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

31. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained a competent and capable attorney with significant experience in class action litigation, including consumer class actions and TCPA class actions. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

32. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

33. <u>Superiority</u>. A class action is superior to all other methods for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

## COUNT ONE
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

34. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs for its allegations of fact.

35. The foregoing acts and omissions of Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

36. As a result of such violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant, its agents, affiliates, and other persons or entities acting on Defendant's behalf, from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointing Plaintiff as representative of the Class;

C. Appointing the undersigned counsel as counsel for the Class;

D. Declaring that Defendant's and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

E. Enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. Awarding Plaintiff and the Class statutory, compensatory and exemplary damages, as allowed by law;

G. Awarding Plaintiff and the Class attorneys' fees and costs, as allowed by law and/or equity;

H. Permitting Plaintiff and the Class leave to amend the Complaint to conform to the evidence presented at trial;

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

I. Granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: November 5, 2014          Respectfully submitted,

By: /s/ Stefan Coleman
Stefan L. Coleman, Esq., Trial Counsel
Attorney for Plaintiff and the putative Class
Florida Bar no. 0030188
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel:877.333.9427
law@stefancoleman.com

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF